UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ROSE WILLIAMS, ZAMIYAH DUKES,
DEVIAN YOUNG,

                         Plaintiffs[1],                    **MEMORANDUM & ORDER**
                                                           25-CV-3521 (PKC) (JRC)

              - against -

SEAN COMBS, CASSIE VENTURA,
JUDGE JACQUELINE DEANE, OFFICER
SAUTER, ROBIN KORASYK, FAMILY
COURT, AKRAM LOUIS,

                         Defendants.
--------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

        On May 29, 2025, Plaintiff Rose Williams ("Plaintiff"), proceeding *pro se*, filed this action,

(Compl., Dkt. 1) in the United States District Court for the Southern District of New York, along

with an application to proceed *in forma pauperis* ("IFP"). (Dkt. 2.) On June 24, 2025, the action

was transferred to this Court. (Dkt. 4.) The Court grants Plaintiff's request to proceed *in forma

pauperis* and, for the reasons set forth below, dismisses the Complaint in its entirety.

## BACKGROUND

        As best as this Court can determine, Plaintiff's statement of claim consists of the

following:

        > Sean Combs chased me from Miami to Vegas 4/1/08-8/19/08
        > Videos were leaked off me altered and people and Cassie is claiming
        > its her. I confirmed with Bellagio and Ava law group the original
        > video.  My children were kidnapped 4/18/25. Under false
        > allegations.  Under a set up, evidence was manipulated and with

---

        [1] Rose Williams is the only plaintiff to have signed the complaint and application to
proceed *in forma pauperis.*  Therefore, the action shall proceed with Rose Williams as the sole
plaintiff.  The Clerk of Court is directed to terminate Zamiyah Dukes and Devian Young from this
action.

hold.  My kids were denied proper childcare.  My kids were placed in my killers home.  I was ambushed threatened by court staff.  I was told I will never see my kids again if I go to a higher court.

(Compl., Dkt. 1, at ECF[2] 6.)  Plaintiff seeks $900 trillion in damages.  (*Id.* at ECF 7.)

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although courts assume all allegations in the complaint to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, courts must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").  Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an

---

[2]  Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless–that is, they are fanciful, fantastic, or delusional.") (internal citation omitted). Plaintiff's allegations, even under the liberal reading afforded to *pro se* pleadings (and even if Plaintiff believes them to be true), are frivolous. (*See generally*, Compl., Dkt. 1, at ECF 6.) These allegations appear to be "the product of delusion or fantasy." *Livingston*, 141 F.3d at 437.

Given the implausibility of Plaintiff's allegations, the action cannot proceed. Accordingly, the Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Lewis v. U.S., Dep't of Health Services*, No. 24-CV-2503 (PKC) (TAM), 2024 WL 1577930, at *2 (E.D.N.Y. Apr. 11, 2024) (dismissing *pro se* complaint as frivolous finding that the allegations were nonsensical and failed to present a cognizable claim).

## LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (summary order) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see Hakaniemi v. Zuckerberg*, No.

21-CV-4345 (PKC) (LB), 2021 WL 3566221, at *2 (E.D.N.Y. Aug. 12, 2021) (dismissing *pro se* complaint as frivolous and denying leave to amend where complaint was "devoid of any arguable basis in fact or in law, defects which cannot be cured by amendment"). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## CONCLUSION

Accordingly, Plaintiff's motion for IFP is granted and the Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is respectfully directed to terminate Zamiyah Dukes and Devian Young from this action. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: July 11, 2025
      Brooklyn, New York